IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cr-30046 |
| ) | |
| **Catherine Woolford,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant Catherine Woolford's ("Woolford") *pro se* motion for early termination of supervised release (Doc. 3). The Government has filed a response (Doc. 6), stating that both the United States Probation Office and the United States Attorney's Office oppose the motion. Based on the following, the motion for early termination is **DENIED**.

### I.   Background

On June 28, 2017, Woolford pled guilty in the United States District Court for the Eastern District of Missouri (Case No. 4:16-cr-426-CDP-36) to conspiracy to distribute and intent to distribute in excess of 50 grams of actual methamphetamine in violation of 21 U.S.C.§§ 841(a) & 853 (Doc. 2, p. 15). Woolford was sentenced to 78 months in prison to be followed by supervised release for two years (Doc. 2, p. 16). Woolford was released from the custody of the Federal Bureau of Prisons on January 14, 2022 (Doc. 6). On April 11, 2022, Woolford's supervised release jurisdiction was transferred to the Southern

District of Illinois (Doc. 2, p. 17). Woolford filed her motion for early termination of supervised release on January 19, 2023.

## II. Motion

On July 28, 2022, Woolford successfully completed co-occurring/dual disorder treatment at Chestnut Health Systems. Approximately two months later, Woolford accepted a position with Chestnut Health Systems as a recovery support technician. Unfortunately, Woolford had to resign from the position because she is serving a term of supervised release.[1] Woolford, however, continues to work at Panera Bread Company as a team leader. Woolford's heartfelt letter to the Court seeks early termination of supervised release to allow her to return to her position at Chestnut Health Systems, where she believes she can make a difference in the lives of other individuals suffering from drug addiction. Specifically, Woolford states as follows:

> Chestnut Health Systems has retained a spot for me to return to work for them as soon as I have the Court's approval. It is my sincere hope that you will consider my request so that I may return to working in a field where I feel I can make a difference using my experience, strength, and hope with those struggling in the throes of addiction.

(Doc. 3).

## III. Authority

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set

---

[1] The United States has a contract with Chestnut Mental Health Systems. As such, Woolford was informed that while she is on supervised release there is a conflict of interest. Accordingly, she resigned her position

2

forth in 18 U.S.C. § 3553, the court finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that must be considered are:

1. the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553 (a)(1));

2. the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));

3. the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553 (a)(2)(C));

4. the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553 (a)(2)(D));

5. the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553 (a)(4), (a)(5));

6. the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553 (a)(6)); and

7. the need to provide restitution to any victims of the offense (18 U.S.C. § 3553 (a)(7)).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. *United States v. Temple*, 464 Fed.Appx. 541, 544 (7th Cir. 2012). However, the district judge must give some indication that he considered the relevant statutory factors. *Id.* The Court need not make explicit findings on each of the relevant factors but the record must reveal the court gave consideration to the § 3553(a) factors. *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (reversing the denial of a motion for early termination of supervised release where the district court did not

3

consider the proper statutory factors and the Government and probation office did not object to the motion).

## IV.   Discussion

Woolford's term of supervised release started when she was released from custody on January 14, 2022. Accordingly, she has been on supervised release for a little over one year and meets the requirement of section 3583(e)(1).

The Government and the United States Probation Office ("Probation") agree that Woolford is in compliance with the terms of her supervised release. Specifically, Probation states that all of Woolford's drug tests have yielded negative results and that Woolford has reported to the probation office as instructed, fulfilled all special conditions, and paid her financial obligation in full. Additionally, Woolford is gainfully employed, assists with raising her grandchildren, and is very active in her alcoholics anonymous meetings – both giving and receiving support.

Despite Woolford's commendable accomplishments, both the Government and Probation have concerns about granting her motion. Probation notes that, given Woolford is in early remission of substance abuse and mental health treatment, Probation would prefer to continue monitoring to ensure her recovery continues. The Government further argues that serving just one year of supervised release for a serious and dangerous offense may not be enough to deter Woolford from further criminal conduct or to provide confidence of protection of the public from further crimes. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).

Upon review of the record, the Court finds that it would be in the Woolford's as well as the community's, best interest to remain on supervision. While the Court commends Woolford for her law-abiding conduct and personal successes, compliance with the terms of supervised release – even exemplary compliance – is insufficient to merit early termination. *See United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("mere compliance with the terms of supervised release is expected and, without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)."); *United States v. Medina,* 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding defendant's "post-incarceration conduct ... apparently unblemished" but recognizing "this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule").

Supervised release "fulfills rehabilitative ends," but that is not its only purpose. Thus, although Woolford's good behavior and progress toward rehabilitation have been outstanding, the Court must consider other factors when assessing her request for early termination. Woolford committed a serious and dangerous offense. The sentencing judge crafted a sentence carefully calibrated to reflect the seriousness of her offense, to provide adequate punishment for her conduct, and to deter Woolford and others from future criminal conduct. Considering the relevant portions of 18 U.S.C. § 3553(a), the Court finds that a continued period of supervised release is necessary to meet these goals. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). Further, given that Woolford is in the early stages of recovery, the Court finds that she would benefit from continued supervision. *See* 18 U.S.C. § 3553(a)(2)(D). Maintaining sobriety is a challenging process. Continued

supervision will ensure that Woolford, who has shown good progress, has sufficient support to avoid relapse and to continue making positive changes in her life.

V. Conclusion

For the reasons stated herein, the Court finds that Woolford, at present, needs to remain subject to the terms of her supervision. Accordingly, the motion for early termination is **DENIED**.

**SO ORDERED.**

Dated: March 2, 2023

_____
DAVID W. DUGAN
United States District Judge